UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNELL MOBLEY,

    Plaintiff,

v.                                                      Case No. 4:05-cv-153

WILLIAM O. SMITH,                             Hon. Wendell A. Miles
NANETTE NORWOOD,
GREG LEWIS, PATRICIA CARUSO,
D. MACKEY, and
NANCY KLINESMITH,

    Defendants.
_____/

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This is a civil rights action filed by a Michigan prisoner under 42 U.S.C. § 1983. On March 28, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that (1) a motion to dismiss by defendants Smith, Norwood, Caruso, and Klinesmith be granted in part and denied in part, and (2) defendant Lewis be dismissed from the action without prejudice due to the failure to effect timely service.[1] Both plaintiff and the defendants have filed timely objections to the R & R. The court has reviewed *de novo* the R & R filed by the United States Magistrate Judge in this action, the parties' objections to the R & R, and the relevant portions of the file. For the reasons to follow, the court

---

[1] Defendant Mackey was already dismissed from the action on June 12, 2006 pursuant to plaintiff's motion for voluntary dismissal.

adopts the R & R in part and rejects it in part.

## DISCUSSION

Plaintiff's claims arise from a delay which he experienced in receiving kosher meals after he converted to Judaism.  In the R & R, the Magistrate Judge concludes that (1) the defendants have not established that plaintiff has failed to exhaust his claims; (2) plaintiff has failed to state a claim for violation of his Due Process rights and for retaliation; (3) plaintiff has stated a claim for violation of his First Amendment right to freely practice religion and for violation of his Eighth Amendment right to be free from cruel and unusual punishment; (4) the defendants are not entitled to qualified immunity; and (5) plaintiff's claim(s) against defendant Lewis be dismissed for failure to effect timely service.

In their objections, the defendants argue that  (1) plaintiff failed to properly exhaust his claims because he filed an untimely grievance; (2) defendants Klinesmith and Caruso should be dismissed from the action; (3) plaintiff has failed to state a claim under the Eighth Amendment; and  (4) the court should reject the Magistrate Judge's recommendation to deny qualified immunity.

For his part, plaintiff makes one continuous non-specific objection addressing the issue of exhaustion.  It is not entirely clear why he presents this issue as an objection, insofar as the Magistrate Judge reached a conclusion in his favor on the question of exhaustion.  However, because the defendants have objected to the R & R's conclusion that they have not established a

lack of exhaustion, and because this issue is potentially dispositive, the court addresses it first.

**Exhaustion**

In order to properly analyze the exhaustion issue, it is necessary to review what the complaint and its attachments reflect regarding the question of exhaustion.

Plaintiff, who was at the time residing at Michigan's Marquette Branch Prison ("MBP"), converted to Judaism on May 28, 2004.[2]  On June 23, 2004, while still residing at MBP, plaintiff filed his first grievance directly to Step III, claiming religious discrimination in the form of denial of a kosher diet.  Complaint at 3, ¶ 5 and Ex. 3.  On July 21, 2004, plaintiff was transferred to the Ionia Maximum Correctional Facility ("ICF").  His grievance was reviewed by Prisoner Affairs, which informed plaintiff in a letter dated August 4, 2004 that his grievance would "not be processed further" because plaintiff had been transferred to a facility which had a kosher meal program.  Complaint, Ex. 3.

On August 25, 2004, plaintiff, by then residing at ICF, filed another grievance directly to Step III, once again claiming that he was being denied a kosher diet in violation of his right to freely exercise his religion.  Complaint, ¶ 10 and Ex. 9.  His grievance was reviewed by Prisoner Affairs, which informed plaintiff in a letter dated September 3, 2004 his issue "should be processed at Step I for resolution."  The letter referred plaintiff to the applicable policy directive,

---

[2]Plaintiff's complaint lists the date of his conversion as May 28, 2005.  Complaint at 3, ¶1.  However, the "Declaration of Religious" preference attached as Exhibit 1 to his complaint is dated May 28, 2004.  The court assumes that the latter date is correct.

Mich. Dep't of Corr., Policy Directive 03.02.130.  The letter also instructed plaintiff not to file another grievance.

Before he had received the September 3, 2004 letter instructing him not to file another grievance, plaintiff filed yet another grievance.  In this Step I grievance dated September 1, 2004, plaintiff complained that he was still not being provided with a kosher diet.  Complaint, ¶ 11 and Ex. 10.  Plaintiff began receiving his kosher diet on September 4, 2004.  Complaint, ¶ 13.

On February 2, 2005, plaintiff filed a complaint in this court against defendants Smith, Mackey, Lewis, and Caruso, alleging that the delay in providing him with a kosher diet violated his First Amendment right to freely exercise his religion.  According to legal precedent then applicable to exhaustion, the court dismissed that action without prejudice for lack of exhaustion, insofar as plaintiff's grievance had failed to mention any of the named defendants.  Mobley v. Smith, No. 1:05cv85 ("Mobley I") Opinion (docket no. 4).  The dismissal was entered on February 18, 2005.

The dismissal of Mobley I appears to have prompted plaintiff to make additional attempts at exhaustion.  On September 20, 2005, over seven months after Mobley I was dismissed and over one year after he had begun receiving kosher meals, plaintiff filed  a Step I grievance, once again complaining of the delay which he had experienced in being provided with kosher meals in 2004.  (Plaintiff in fact identified the "Date of Incident" as July 21, 2004.)  Complaint, "Count #Two – Retaliation – Violation of U.S.C.A. 1 - 14," and Ex. 11.  In this grievance, plaintiff for the first time claimed to have experienced weight loss during the period in which he did not

receive a kosher diet at ICF. It appears that this grievance was rejected as duplicative of another which plaintiff had filed concerning the contents of his kosher diet trays. In September, 2005, plaintiff also filed another grievance complaining about being placed on modified grievance status for filing grievances regarding his kosher diet. Plaintiff filed this action on December 30, 2005.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules[.]'" Jones v. Bock, 127 S.Ct. 910, 922 (2007) (quoting Woodford v. Ngo,126 S.Ct. 2378 (2006)). These rules

> are defined not by the PLRA [Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

Jones, 127 S.Ct. at 922-923.

The Michigan Department of Corrections ("MDOC") provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. See generally MDOC, Policy Directive 03.02.130.[3] However, prior to initiating these steps, Policy Directive 03.02.130

---

[3]The MDOC's policy directives are a proper subject of judicial notice under Fed.R.Evid. 201(b). See Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir. 2002) ("Administrative regulations fall within the category of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); see also International Bhd.
(continued...)

requires the grievant to attempt to resolve the grievable issue with the involved staff member within two business days after becoming aware of the issue, "unless prevented by circumstances beyond his/her control." Policy Directive 03.02.130, ¶ R. Within five business days after this attempt, "a grievant may send" a completed Step I grievance form to the Step I Grievance coordinator for the facility being grieved, thus beginning the first step of the grievance process. Id., ¶ X.

After proceeding through Steps I and II, a grievant "may send" a completed Step III grievance to the Prisoner Affairs section. Id., ¶ HH. A grievant may not proceed directly to Step III unless the grievance alleges racial or ethnic discrimination or staff brutality or corruption. Id., ¶S, ¶ HH. Policy Directive 03.02.130 additionally provides that "[t]ime limitations shall be adhered to by the grievant and staff in all steps of the grievance process." Id., ¶ U. A grievance which is filed in an "untimely manner" may be rejected unless there is a "valid reason" for the delay, such as transfer. Id, ¶ G(4).

As the defendants noted in their motion and as the complaint expressly alleges, plaintiff

---

³(...continued)
of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Zantop Air Transp. Corp., 394 F.2d 36, 40 (6th Cir.1968) ("a Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority"). "A legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." Toth, 306 F.3d at 349.
    A court ruling on motion under Fed.R.Civ.P. 12(b)(6) may consider materials in addition to the complaint, even if not attached, if such materials are public records or are otherwise materials appropriate for the taking of judicial notice. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir.2003), cert. denied, 540 U.S. 1183 (2004); see Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360-361 (6th Cir.2001) (court may consider full text of administrative filings without converting motion into one for summary judgment). Therefore, the court's consideration of an MDOC policy directive does not convert the defendants' motion into one for summary judgment.

filed his first two grievances in 2004 directly to Step III, completely bypassing Steps I and II, even though his grievance did not fall within any of the exceptions which permitted bypassing these first two steps. However, the R & R specifically mentions only the September, 2005 grievances in concluding that the defendants have failed to demonstrate lack of exhaustion. Despite the dismissal of Mobley I for lack of exhaustion, the grievances filed after the dismissal of that case were by no means timely, given the provisions of the applicable policy directive, insofar as they were filed over a year after plaintiff began receiving kosher meals.

The court concludes that it is more appropriate to look to plaintiff's August and September, 2004 grievances to determine whether he has properly exhausted his administrative remedies. Neither of these grievances appears to be untimely; they were filed while plaintiff was still being denied kosher meals. In addition, although plaintiff improperly bypassed Steps I and II by submitting his August 25, 2004 grievance directly to Step III, he was informed by Prisoner Affairs that the grievance would be processed at Step I and instructed not to file another grievance. After plaintiff ignored this direction and filed yet another Step I grievance on September 1, 2004, this grievance was resolved three days later, when he began receiving kosher meals. Plaintiff therefore would have had no need to pursue the matter further.

Because the August 25 and September 1, 2004 grievances are the operative ones for purposes of this action, the claims which plaintiff makes in this action must have been the subject of those grievances. Both of these grievances make it clear in no uncertain terms that plaintiff was aggrieved about not being provided a kosher diet in accordance with his religious beliefs. Complaint, Exs. 9, 10. However, neither of these grievances mentions anything about being subjected to cruel and unusual punishment by being denied sufficient food. Indeed,

plaintiff made no mention of weight loss in any grievance until he filed the September 20, 2005 grievance, which was clearly untimely. See Complaint, Ex. 11 at 2 ("I could not practice my religion, because I was forced to violate my dietary laws . . . I suffered spiritually, and lost weight from lack of food"). Therefore, the court concludes that although the defendants have not established that plaintiff has failed to properly exhaust his First Amendment free exercise claim, the complaint and attachments establish that plaintiff did not properly exhaust his Eighth Amendment claim.

### First Amendment/Free Exercise

Neither the defendants nor plaintiff have raised objections to the Magistrate Judge's conclusion that plaintiff has stated a claim for violation of the First Amendment's free exercise clause. However, the court has nonetheless reviewed plaintiff's allegations pertaining to his claim that the defendants denied him a kosher diet.

Although plaintiff's allegations do appear to be minimally sufficient to state a claim for violation of the First Amendment's free exercise clause, it is by no means a foregone conclusion that this claim has merit. According to the complaint's attachments, plaintiff was approved for transfer from MBP to a facility having a kosher menu shortly after making his conversion and requesting the accommodation. Complaint, Ex. 2. As noted above, plaintiff began receiving kosher meals within days after formally grieving this issue at ICF. Therefore, plaintiff's complaint and attachments reflect that in this instance, there was much to be said for following the grievance process through each of its required steps, and it can by no means be said that requiring plaintiff to participate in this process according to its rules impermissibly infringed on

his right to freely practice his religion while incarcerated.

In reviewing this claim, the court may consider, among other factors, the impact that accommodation of plaintiff's asserted right would have on other inmates, on prison personnel, and on allocation of prison resources generally. <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 352 (1987) (citing <u>Turner v. Safley</u>, 482 U.S. 78 (1987)). The court believes that it also obliged to consider additional factors, such as whether plaintiff followed proper channels in seeking an accommodation of his religious dietary preferences, and whether a defendant who is in a position to achieve this accommodation was aware of this request and responded in a reasonably timely manner. Therefore, although this claim remains for the present, it may be revisited after factual development.

## **Eighth Amendment**

Even though plaintiff's complaint contains an unexhausted Eighth Amendment claim alleging that the defendants' actions caused him to experience hunger pains and lose weight, exhaustion on this issue would be futile, and not solely based on timeliness issues. Plaintiff's allegations simply fail to state a claim for violation of the Eighth Amendment.

In their motion, the defendants have argued that although plaintiff's complaint includes a "Preliminary Statement" asserting "cruel and unusual punishment" in violation of the Eighth Amendment, plaintiff has offered no factual allegations supporting this claim. If one digs deeply into the complaint, one can find – as the Magistrate Judge did – the following allegation appearing at the last two pages of the body of the complaint:

> As a result of the above defendants actions in denying plaintiffs kosher

9

> diet for one month, and two weeks, forcing plaintiff to not eat whole meals only fruit and vegetables, causing hunger pains, lost of weight, trying to force plaintiff to violate his mandatory dietary laws, . . . plaintiff has suffered physically, spiritually and mental anguish from hunger.

The Magistrate Judge concluded that this allegation was sufficient to state a claim for violation of plaintiff's right to be free from cruel and unusual punishment. The defendants have objected that this conclusion is not legally supportable.

The court agrees with the defendants that plaintiff's limited factual allegations are insufficient to state a claim for violation of the Eighth Amendment  The Eighth Amendment forbids the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII.  This constitutional provision imposes duties on officials to provide humane conditions of confinement, by ensuring that inmates receive adequate food, clothing, shelter, medical care, and reasonable protection from harm. E.g., Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted).

There can be no question that prisoners may not – consistent with the Eighth Amendment – be deprived of food. See Clark-Murphy v. Foreback, 439 F.3d 280, 292 (6th Cir. 2006) (inmate "had a clearly established right not to be deprived of food and water"). "Depriving an inmate of food or serving him contaminated food states a claim for a violation of the Eighth Amendment." Thompson v. Michigan Dept. of Corrections, No. 99-2076, 2000 WL 1597844, *2 (6th Cir. Oct. 20, 2000).   Prisoners must be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to

10

[their] health and well being" when they consume it.  Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir.1980). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir.2002).

An Eighth Amendment conditions-of-confinement claim has two elements, one objective and one subjective.  Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004).  To satisfy the objective component, the deprivation alleged must be sufficiently serious that the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities.  Spencer v. Bouchard, 449 F.3d 721, 728 (6th Cir. 2006).  However, plaintiff's complaint does not allege that he was denied food, or that even that he was denied wholesome or nutritionally adequate food.  Instead, plaintiff alleges that he ate only fruits and vegetables solely because of his religious preference for a kosher diet.  Although such an allegation might state a claim for violation of the First Amendment's free exercise clause, an allegation that a prisoner has elected not to consume the "whole meals" provided by the prison – and solely because of his religious preference – does not state a claim for violation of the Eighth Amendment.  The court therefore rejects the Magistrate Judge's conclusion that plaintiff has stated a claim for violation of the Eighth Amendment.[4]

---

[4]In Thompson v. Gibson, 289 F.3d 1218 (10th Cir. 2002), the plaintiff prisoner alleged that the defendants violated his rights under the Eighth Amendment by discontinuing his double food rations, in part because he had to endure the "psychological torture of hearing the crackling sounds of food packages being opened by other inmates" who could afford to supplement their diet with food they purchased at the canteen.  289 F.3d at 1220.  The court in that case observed that 42 U.S.C. § 1997e(e) prohibits prisoner claims for mental or emotional injury absent a prior showing of physical injury.   289 F.3d at 1222.  The Sixth Circuit "has indicated in unpublished opinions that even though the physical injury required by § 1997e(e) for a § 1983 claim need not
(continued...)

**Defendants Klinesmith and Caruso**

Although the defendants do not object to the Magistrate Judge's conclusion that plaintiff has failed to state a retaliation claim, they object to her failure to clarify whether defendants Klinesmith and Caruso were included in the recommendation to permit plaintiff's First Amendment freedom of religion and Eighth Amendment claims to go forward. The defendants argue that all claims against Klinesmith and Caruso should be dismissed for failure to state a claim.

Because the court has concluded both that plaintiff has failed to exhaust his Eighth Amendment claim and that his complaint fails to state a claim for violation of this amendment, this particular claim is subject to dismissal as to all of the defendants. Therefore, the question is whether plaintiff's First Amendment free exercise claim should be dismissed as to defendants Klinesmith and Caruso. The defendants argues that these two defendants should be dismissed from the action because they at best only processed plaintiff's grievances and did not participate in any unconstitutional actions denying plaintiff kosher meals.

"[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (quoting Salehpour v. University of Tennessee, 159 F.3d 199, 206 (6th Cir.1998), cert. denied,

---

[4](...continued)
be significant, it must be more than de minimis for an Eighth Amendment claim to go forward." Jarriett v. Wilson, No. 03-4196, 162 Fed.Appx. 394, 400, 2005 WL 3839415, **4 (6th Cir. July 7, 2005). Mere loss of weight from eating fruits and vegetables is no more than a de minimis injury. Therefore, even assuming that plaintiff could not afford to buy kosher items to supplement the fruits and vegetables provided to him, he most likely has no claim under the Eighth Amendment for the mental anguish he allegedly suffered from feeling hungry.

526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999)).  In <u>Shehee</u>, the prisoner's only allegations against certain of the defendants involved their denial of his administrative grievances and their failure to remedy alleged retaliatory behavior or to intervene on the prisoner's behalf.  There was no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts, nor was there any evidence that these defendants violated the prisoner's right to equal protection.  The court therefore held as a matter of law that these defendants had neither committed a constitutional violation nor violated a clearly established right.  199 F.3d at 300.

Plaintiff's only allegations against defendants Klinesmith and Caruso involve their participation in the grievance process.  No allegation is made that they were actually involved in denying plaintiff kosher meals at ICF.  Under the circumstances, no First Amendment free exercise claim is stated against these defendants.  Because no cognizable claims are stated against either Klinesmith or Caruso, these defendants are entitled to be dismissed from the action.

## Qualified Immunity

The defendants final remaining objection is that the Magistrate Judge erred in recommending that they be denied qualified immunity.   The Magistrate Judge made this recommendation only as to plaintiff's First Amendment free exercise and Eighth Amendment claims.  Because the court concludes that plaintiff has failed to state a claim for violation of the Eighth Amendment, the court addresses the issue of qualified immunity only with respect to the First Amendment free exercise claim.

Defendants argue that the court should reject the recommendation to deny qualified immunity because plaintiff has not properly exhausted his First Amendment free exercise claim. Assuming that lack of exhaustion provides a basis for granting qualified immunity, the court has concluded that the defendants have not established that plaintiff failed to exhaust his First Amendment free exercise claim. Under the circumstances, defendants' objection does not provide a basis for concluding that they are entitled to qualified immunity. However, nothing in this decision should be construed as preventing the remaining defendants from re-asserting the defense of qualified immunity on the merits of this particular claim.

## **Conclusion**

No objection has been made to the Magistrate Judge's recommendation to dismiss the claims against defendant Lewis without prejudice for failure to effect timely service. This recommendation is adopted, and all claims against defendant Lewis are therefore dismissed without prejudice. The court also adopts the Magistrate Judge's recommendation to dismiss plaintiff's due process and retaliation claims, and to permit his First Amendment free exercise claim to go forward.

In addition, for the reasons stated above, the remaining defendants' motion to dismiss is (1) granted as to defendants Klinesmith and Caruso, (2) granted as to all claims under the Eighth Amendment, and (3) granted as to all claims based on retaliation and due process, and (4) denied only as to the First Amendment free exercise claims against defendants Smith and Norwood.

Entered this 4th day of June, 2007.

/s/ Wendell A. Miles
Wendell A. Miles, Senior Judge