UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNELL MOBLEY,

        Plaintiff,                                  Case No. 4:05-cv-153

v.                                                     Hon. Wendell A. Miles

WILLIAM O. SMITH, et al.,

        Defendants.

_____/

## **ORDER**

        This matter is before the Court on <u>Plaintiff's Motion for Preliminary Injunction</u>. (Dkt. #104). As discussed below, Plaintiff's motion is **denied**.

        On December 30, 2005, Plaintiff initiated the present action, asserting a variety of claims against several defendants. The only claim remaining at this juncture is Plaintiff's claim that Defendants Norwood and Smith improperly deprived Plaintiff of kosher meals in violation of his First Amendment rights. Plaintiff now moves for injunctive relief, alleging that he has been forced by prison officials to eat non-kosher food and, moreover, that prison officials are not properly treating his high blood pressure. Plaintiff does not assert that Defendants Smith or Norwood are involved in these alleged deprivations. To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction

would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

With respect to Plaintiff's claim that he is being denied kosher meals, the Court finds that money damages constitute a sufficient remedy should Plaintiff establish the alleged deprivation. The Court further notes that while Plaintiff has submitted no evidence in support of his motion, Defendants have submitted an affidavit from a prison official who asserts that Plaintiff is, in fact, participating in the kosher meal plan. Thus, Plaintiff has not established that he is likely to prevail on this claim.

As for Plaintiff's claim that he is not receiving proper medical treatment, the Court first notes that the present action does not involve claims concerning Plaintiff's medical care. Thus, questions concerning such are more appropriately addressed in a separate action. More importantly, however, Plaintiff has not established that he is entitled to injunctive relief concerning this issue. Defendants have submitted evidence that Plaintiff has been prescribed and is receiving medication to treat his high blood pressure. Plaintiff does not dispute this, but instead faults prison officials for not providing him with "constant follow up" concerning his blood pressure. Thus, Plaintiff does not allege

that he is being denied medical treatment, but instead simply disagrees with the treatment he is receiving. Such claims sound in state tort law and do not implicate the Eighth Amendment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).

In sum, Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. Plaintiff has likewise failed to establish that he will prevail on the merits of his claims or suffer irreparable harm in the absence of injunctive relief. Furthermore, the Court fails to discern how granting Plaintiff's motion would serve the public interest. Thus, Plaintiff is not entitled to the relief sought.

Accordingly, Plaintiff's motion is **denied**.

IT IS SO ORDERED.


Date:  October 18, 2007                           /s/ Wendell A. Miles
                                                  Wendell A. Miles
                                                  United States District Judge